Pfeifer, J.,
dissenting.
{¶ 36} R.C. 2307.941 states, “The following apply to all tort actions for asbestos claims brought against a premises owner to recover damages or other relief for exposure to asbestos on the premises owner’s property * * Boley does not claim that Mary Adams was exposed to asbestos on Goodyear’s property. To the contrary, in her brief, Boley states that Adams was never on Goodyear’s property. It is abundantly clear that R.C. 2307.941 is inapplicable to the claim.
{¶ 37} Boley does not claim that Adams was exposed to asbestos on Goodyear’s property, and yet she is being told by this court that she can’t bring a claim for “exposure to asbestos on [Goodyear’s] property.” The majority opinion waxes poetic about its duty to read the statute and nothing but the statute, neither adding words to, nor subtracting words from, the statute, but then adds words to the statute. In syllabus law, the majority opinion states that “[a] premises owner is not liable in tort for claims arising from asbestos exposure originating from asbestos on the owner’s property, unless the exposure occurred at the owner’s property.” But the statute doesn’t refer to where the asbestos “originates.” The statute states merely that a claim for “exposure to asbestos on the premises owner’s property” must comply with certain requirements. By its plain words, the statute applies only to plaintiffs who claim they were exposed to asbestos on a premises owner’s property.
{¶ 38} Boley has a completely different claim. She claims that Adams was exposed to asbestos in Adams’s own home, not on Goodyear’s property. She claims that the asbestos Adams was exposed to was brought to the home by Adams’s husband, who worked at Goodyear. Boley is not seeking relief pursuant to R.C 2307.941. She cannot because she never entered upon Goodyear’s *518 property. It seems mean-spirited to deny her claim while so obviously misconstruing it.
Bevan & Associates, L.P.A., Inc., Thomas W. Bevan, Patrick M. Walsh, and John D. Mismas, for appellants.
Vorys, Sater, Seymour & Pease, L.L.P., Richard D. Schuster, Nina I. WebbLawton, Matthew M. Daiker, and Michael J. Hendershot, for appellee.
Brzytwa, Quick & McCrystal, L.L.C., James L. McCrystal Jr., and Matthew L. Snyder, urging affirmance for amicus curiae Ohio Association of Civil Trial Attorneys.
Calfee, Halter & Griswold, L.L.P., Thomas I. Michals, Matthew M. Mendoza, and Laura C. McBride, urging affirmance for amici curiae Cleveland Electric Illuminating Company, Ohio Edison Company, and Toledo Edison Company.
Shook, Hardy & Bacon, L.L.P., Victor E. Schwartz, and Mark A. Behrens, urging affirmance for amici curiae Ohio Chamber of Commerce, American Insurance Association, Coalition for Litigation Justice, Inc., NFIB Small Business Legal Center, Chamber of Commerce of the United States of America, American Tort Reform Association, National Association of Mutual Insurance Companies, American Petroleum Institute, and American Chemistry Council.
{¶ 39} Whether the claim has merit is not for me to decide. Boley may have a claim based on R.C. 2307.92, which, in certain circumstances, allows a person exposed to asbestos through living with a person who worked with asbestos to file an asbestos claim. At the very least, Boley should have a chance to establish the claim she is making instead of the unprovable claim that the majority insists, or pretends, she is making. The majority opinion misses the forest because it cannot see around one really big tree. R.C. 2307.941 does not subsume the entire body of negligence law. I dissent.